**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
CASE NO.

MYCOSKIE, LLC,

Plaintiff,

vs.

THE INDIVIDUALS, PARTNERSHIPS,
AND UNINCORPORATED
ASSOCIATIONS IDENTIFIED ON
SCHEDULE "A" and DOES 1-10,

Defendants.
_______________________________________/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Mycoskie, LLC ("Plaintiff" or "Mycoskie"), hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto and Does 1-10 (collectively "Defendants"). Defendants are promoting, selling, offering for sale, and distributing goods bearing counterfeits and confusingly similar imitations of Mycoskie's trademarks within this district through various Internet based e-commerce stores using the seller identities set forth on Schedule "A" hereto (the "Seller IDs"). In support of its claims, Mycoskie alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for federal trademark counterfeiting and infringement, false designation of origin, common law unfair competition, and common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, and 1125(a), and The All Writs Act, 28 U.S.C. § 1651(a). Accordingly, this Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338. This Court has supplemental jurisdiction pursuant to 28

U.S.C. § 1367 over Mycoskie's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

2. Defendants are subject to personal jurisdiction in this district, because they direct business activities toward and conduct business with consumers within the State of Florida and this district through at least the Internet based e-commerce stores under their Seller IDs.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens who are engaged in infringing activities and causing harm within this district. Defendants have also advertised, offered for sale, and made sales and shipped and/or sold infringing products to consumers in Florida.

## THE PLAINTIFF

4. Mycoskie LLC is a California Limited Liability Company with its principal place of business at 5404 Jandy Place, Los Angeles, California, 90066. TOMS SHOES, INC. ("TOMS") is the exclusive licensee of Mycoskie, LLC. TOMS is a Delaware corporation with its principal place of business at 5404 Jandy Place, Los Angeles, California, 90066. Mycoskie, through its licensee TOMS, is, in part, engaged in the business of manufacturing and distributing throughout the world, including within this district, a variety of high quality goods under multiple world famous common law and federally registered trademarks, including those identified in Paragraph 15 below. Mycoskie offers for sale and sells its trademarked goods within this district. Defendants' sales of counterfeit and infringing TOMS-branded products are causing damage to Mycoskie within this jurisdiction. Defendants, through the sale and offering for sale of counterfeit and infringing TOMS-branded products, are directly, and unfairly, competing with Mycoskie's economic interests in the State of Florida and causing Mycoskie harm within this

jurisdiction. Mycoskie regularly enforces its intellectual property rights and authorized this action be brought in its name.

5. Like many other famous trademark owners in the footwear and accessories market, Mycoskie suffers ongoing daily and sustained violations of its trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Mycoskie's trademarks for the twin purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with the Mycoskie name and associated trademarks and the destruction of the legitimate market sector in which it operates.

6. In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, each year Mycoskie expends significant monetary resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement, such as field training guides and seminars. The recent explosion of counterfeiting over the Internet has created an environment that requires Mycoskie to file a massive number of lawsuits, often it later turns out, against the same individuals and groups, in order to protect both consumers and itself from the ill effects of confusion and the erosion of the goodwill associated with the Mycoskie brand.

## THE DEFENDANTS

7. Defendants are individuals and/or business entities of unknown makeup whom operate through e-commerce stores via third party marketplace websites, and each of whom, upon information and belief, either reside and/or operate in other foreign jurisdictions with lax trademark enforcement systems, including the People's Republic of China, or redistribute

products from sources in those locations. Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b). Defendants conduct pervasive business throughout the United States, including within this district, through the operation of, at least, fully interactive commercial Internet based e-commerce stores via the Internet marketplace websites, iOffer.com and eBay.com, under the Seller IDs identified on Schedule "A" hereto.

8. Mycoskie is presently unaware of the true names of Does 1-10, although they are generally identified as the managing agents and/or co-conspirators of Defendants operating under the Seller IDs. Mycoskie will amend this Complaint upon discovery of the identities of such fictitious Defendants.

9. Defendants are the past and present controlling forces behind the sale of counterfeit and infringing products bearing Mycoskie's trademarks as described herein using at least the Seller IDs.

10. Upon information and belief, Defendants directly engage in unfair competition with Mycoskie by advertising, offering for sale, and selling goods bearing counterfeits and infringements of one or more of Mycoskie's trademarks to consumers within the United States and this district through Internet based e-commerce stores using, at least, the Seller IDs and additional names or seller identification aliases not yet known to Mycoskie. Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit TOMS-branded goods into the State.

11. Defendants have registered, established or purchased, and maintained the Seller IDs. Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Seller IDs by providing false and/or misleading information to their

various third-party marketplace websites where they sell, during the registration or maintenance process. Upon information and belief, Defendants have anonymously registered and maintained some of the Seller IDs for the sole purpose of engaging in illegal counterfeiting activities.

12. Upon information and belief, Defendants will continue to register or acquire new seller identification aliases for the purpose of selling and offering for sale goods bearing counterfeit and confusingly similar imitations of Mycoskie's trademarks unless preliminarily and permanently enjoined.

13. Defendants' Internet-based businesses amount to nothing more than illegal operations established and operated in order to infringe the intellectual property rights of Mycoskie and others.

14. Defendants' business names, i.e., the Seller IDs, and any other alias seller identification names used in connection with the sale of counterfeit and infringing goods bearing Mycoskie's trademarks, are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringing scheme and cause harm to Mycoskie. Moreover, Defendants are using Mycoskie's famous name and trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Mycoskie's legitimate common marketplace at Mycoskie's expense.

## COMMON FACTUAL ALLEGATIONS

### Plaintiff's Business and Trademark Rights

15. Plaintiff Mycoskie, LLC, is, and at all times relevant hereto has been, the registered owner and TOMS SHOES, INC., is the exclusive licensee of the following trademarks, which are valid and registered on the Principal Register of the United States Patent

and Trademark Office (collectively the "TOMS Marks"):

| Trademark | Registration Number | Registration Date | Class / Goods |
|---|---|---|---|
| **TOMS** | 3,353,902 | Dec. 11, 2007 | IC 025 – Canvas shoes, shoes |
| **TOMS** | 3,566,093 | Jan. 20, 2009 | IC 025 – Clothing, namely, canvas shoes, shoes, caps, shirts, t-shirts, and hats |
| TOMS | 3,765,503 | Mar. 23, 2010 | IC 025 – Baseball caps; caps; hats; canvas shoes; footwear for men and women; shoes; and shirts |
| **ONE FOR ONE** | 4,204,485 | Sep. 11, 2012 | IC 025 – Clothing, namely hats, sweatshirts, hooded sweatshirts, t-shirts and shoes |

The TOMS Marks are used in connection with the manufacture and distribution of high quality goods in the categories identified above. True and correct copies of the Certificates of Registration for the TOMS Marks are attached hereto as Composite Exhibit "A."

16. The TOMS Marks have been used in interstate commerce to identify and distinguish Mycoskie's high quality goods for an extended period of time. All use of the TOMS Marks by TOMS inures to the benefit of Mycoskie as the owner of the Marks.

17. The TOMS Marks are symbols of Mycoskie's quality, reputation, and goodwill and have never been abandoned.

18. The TOMS Marks are well-known and famous and have been for many years. Mycoskie has expended substantial time, money, and other resources developing and otherwise promoting the TOMS Marks. The TOMS Marks qualify as famous marks as that term is used in 15 U.S.C. § 1125(c)(1).

19. Further, Mycoskie has extensively used and promoted the TOMS Marks in the United States in association with the sale of high quality goods. Mycoskie has spent millions of

dollars promoting the TOMS Marks and products bearing the TOMS Marks. In recent years, annual sales of products bearing the TOMS Marks have totaled in the hundreds of millions of dollars within the United States.

20. As a result of Mycoskie's efforts, members of the consuming public readily identify merchandise bearing or sold under the TOMS Marks, as being high quality goods sponsored and approved by Mycoskie.

21. Accordingly, the TOMS Marks have achieved secondary meaning as identifiers of high quality goods.

22. Mycoskie has carefully monitored and policed the use of the TOMS Marks and has never assigned or licensed the TOMS Marks to any of the Defendants in this matter.

23. Genuine TOMS-branded goods bearing the TOMS Marks are widely legitimately promoted by Mycoskie, its authorized distributors, and unrelated third parties via the Internet. Over the course of the past ten years, visibility on the Internet, particularly via Internet search engines such as Google, Yahoo!, and Bing has become increasingly important to Mycoskie's overall marketing and consumer education efforts. Thus, Mycoskie expends significant monetary resources on Internet marketing and consumer education, including search engine optimization ("SEO") strategies. Those strategies allow Mycoskie and its authorized retailers to fairly and legitimately educate consumers about the value associated with the Mycoskie brand and the goods sold thereunder.

**Defendants' Infringing Activities**

24. Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale goods, including canvas shoes, in interstate commerce bearing counterfeit and infringing trademarks that are exact copies of the TOMS

Marks (the "Counterfeit Goods") through at least, the Internet based e-commerce stores operating under the Seller IDs. Specifically, upon information and belief, Defendants are using identical copies of the TOMS Marks for different quality goods. Mycoskie has used the TOMS Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Mycoskie's merchandise.

25. Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially and materially different than that of Mycoskie's genuine goods. Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling, and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Mycoskie despite Defendants' knowledge that they are without authority to use the TOMS Marks. The net effect of Defendants' actions will cause confusion of consumers who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, and approved by Mycoskie.

26. Defendants advertise their Counterfeit Goods for sale to the consuming public via e-commerce stores on Internet marketplace websites using at least the Seller IDs. In so advertising these goods, Defendants improperly and unlawfully use the TOMS Marks without Mycoskie's permission. Indeed, Defendants herein misappropriated Mycoskie's promotional ideas and methods of doing business with regard to the advertisement and sale of Mycoskie's genuine goods. Upon information and belief, the misappropriation of Mycoskie's promotional ideas in the form of the TOMS Marks is the proximate cause of damage to Mycoskie.

27. As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, all employing substantially similar, paid advertising and marketing

strategies based, in large measure, upon an illegal use of counterfeits and infringements of the TOMS Marks. Specifically, Defendants are using counterfeits of Mycoskie's famous name and the TOMS Marks in order to make their e-commerce stores selling illegal goods appear more relevant and attractive to consumers online. By their actions, Defendants have created an illegal marketplace operating in parallel to the legitimate marketplace for Mycoskie's genuine goods. Defendants are causing concurrent and indivisible harm to Mycoskie and the consuming public by (i) depriving Mycoskie and other third parties of their right to fairly compete for space within search engine results and reducing the visibility of Mycoskie's genuine goods on the World Wide Web, (ii) causing an overall degradation of the value of the goodwill associated with the TOMS Marks, and (iii) increasing Mycoskie's overall cost to market its goods and educate consumers about its brand via the Internet.

28. Upon information and belief, Defendants are concurrently targeting their counterfeiting and infringing activities toward consumers and causing harm within this district and elsewhere throughout the United States. As a result, Defendants are defrauding Mycoskie and the consuming public for Defendants' own benefit.

29. Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Mycoskie's ownership of the TOMS Marks, including its exclusive right to use and license such intellectual property and the goodwill associated therewith.

30. Defendants' use of the TOMS Marks, including the promotion and advertisement, reproduction, distribution, sale, and offering for sale of their Counterfeit Goods, is without Mycoskie's consent or authorization.

31. Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to

Mycoskie's rights for the purpose of trading on Mycoskie's goodwill and reputation. If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Mycoskie and the consuming public will continue to be harmed.

32. Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers, the public, and the trade before, during, and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing there is a connection or association between Mycoskie's genuine goods and Defendants' Counterfeit Goods, which there is not.

33. Further, upon information and belief, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Mycoskie.

34. Mycoskie has no adequate remedy at law.

35. Mycoskie is suffering irreparable and indivisible injury and has suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the TOMS Marks. If Defendants' counterfeiting and infringing, and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Mycoskie and the consuming public will continue to be harmed.

36. The harm and damages sustained by Mycoskie have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

**COUNT I - TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)**

37. Mycoskie hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

38. This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the TOMS Marks in commerce in connection with the promotion, advertisement, distribution, offering for sale, and sale of the Counterfeit Goods.

39. Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods using counterfeits and/or infringements of one or more of the TOMS Marks. Defendants are continuously infringing and inducing others to infringe the TOMS Marks by using them to advertise, promote, and sell counterfeit and infringing goods.

40. Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

41. Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damages to Mycoskie and are unjustly enriching Defendants at Mycoskie's expense.

42. Defendants' above-described illegal actions constitute counterfeiting and infringement of the TOMS Marks in violation of Mycoskie's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

43. Mycoskie has suffered and will continue to suffer irreparable injury and damage due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined.

**COUNT II - FALSE DESIGNATION OF ORIGIN**
**PURSUANT TO § 43(a) OF THE LANHAM ACT (15 U.S.C. § 1125(a))**

44. Mycoskie hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

45. Upon information and belief, Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of the TOMS Marks have been widely advertised via at least Internet based e-commerce stores.

46. Defendants' Counterfeit Goods bearing, offered for sale, and sold using copies of the TOMS Marks are virtually identical in appearance to Mycoskie's genuine goods. However, Defendants' Counterfeit Goods are different and likely inferior in quality. Accordingly, Defendants' activities are likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

47. Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Mycoskie's detriment.

48. Defendants have authorized infringing uses of the TOMS Marks, in Defendants' advertisement and promotion of their counterfeit and infringing branded goods. Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

49. Additionally, Defendants are using counterfeits and infringements of the TOMS Marks in order to unfairly compete with Mycoskie and others for space within search engine

organic results, thereby jointly depriving Mycoskie of a valuable marketing and educational tool which would otherwise be available to Mycoskie and reducing the visibility of Mycoskie's genuine goods on the World Wide Web.

50. Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

51. Mycoskie has no adequate remedy at law, and has sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Mycoskie will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III - COMMON LAW UNFAIR COMPETITION

52. Mycoskie hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

53. This is an action against Defendants based on their promotion, advertisement, distribution, sale and/or offering for sale, of goods bearing marks that are virtually identical, both visually and phonetically, to the TOMS Marks in violation of Florida's common law of unfair competition.

54. Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods bearing counterfeits and infringements of the TOMS Marks. Defendants are also using counterfeits and infringements of the TOMS Marks to unfairly compete with Mycoskie and others for (1) space in search engine results across an array of search terms and (2) visibility on the World Wide Web.

55. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the TOMS Marks.

56. Mycoskie has no adequate remedy at law and is suffering irreparable injury and damage as a result of Defendants' actions.

**COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT**

57. Mycoskie hereby adopts and re-alleges the allegations set forth in Paragraphs 1 through 36 above.

58. This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the TOMS Marks. Mycoskie is the owner of all common law rights in and to the TOMS Marks.

59. Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the TOMS Marks.

60. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the TOMS Marks.

61. Mycoskie has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## PRAYER FOR RELIEF

62. WHEREFORE, Mycoskie demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief, jointly and severally, against Defendants as follows:

a. Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the TOMS Marks; from using the TOMS Marks, or any mark or trade dress similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or trade dress that may be calculated to falsely advertise the services or goods of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Mycoskie; from falsely representing themselves as being connected with Mycoskie, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants, are in any way endorsed by, approved by, and/or associated with Mycoskie; from using any reproduction, counterfeit, infringement, copy, or colorable imitation of the TOMS Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Mycoskie, or in any way endorsed by Mycoskie and from offering such goods in commerce; from engaging in search engine optimization strategies using

colorable imitations of Mycoskie's name or trademarks; and from otherwise unfairly competing with Mycoskie.

b. Entry of an Order requiring the Seller IDs, and any other alias seller identification names being used by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the TOMS Marks be disabled by the applicable governing Internet marketplace website.

c. Entry of an Order that, upon Mycoskie's request, any Internet marketplace website operators and/or administrators, including but not limited to iOffer.com and eBay.com, cease facilitating access to any or all e-commerce stores through which Defendants engage in the promotion, offering for sale and/or sale of goods bearing counterfeits and/or infringements of the TOMS Marks.

d. Entry of an Order requiring Defendants to account to and pay Mycoskie for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Mycoskie be trebled, as provided for under 15 U.S.C. § 1117, or, at Mycoskie's election with respect to Count I, that Mycoskie be awarded statutory damages from each Defendant in the amount of two million dollars ($2,000,000.00) per each counterfeit trademark used and product sold, as provided by 15 U.S.C. § 1117(c)(2) of the Lanham Act.

e. Entry of an award of Mycoskie's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

f. Entry of an Order requiring all funds, including any funds restrained, up to and including the total amount of judgment, in payment accounts or money transfer systems used in connection with the Seller IDs or other alias seller identification or e-commerce store names

used by Defendants presently or in the future, including PayPal, Inc., and any other financial institution, bank, and/or payment processing accounts, to be surrendered to Mycoskie in partial satisfaction of the monetary judgment entered herein.

g. Entry of an award of pre-judgment interest on the judgment amount.

h. Entry of an Order for any further relief as the Court may deem just and proper.

DATED: March 11, 2016.

Respectfully submitted,

STEPHEN M. GAFFIGAN, P.A.

By: **s/Stephen M. Gaffigan**
Stephen M. Gaffigan (Fla. Bar No. 025844)
Virgilio Gigante (Fla. Bar No. 082635)
Christine Ann Daley (Fla. Bar. No. 98482)
401 East Las Olas Blvd., #130-453
Ft. Lauderdale, Florida 33301
Telephone: (954) 767-4819
Facsimile: (954) 767-4821
E-mail: stephen@smgpa.net
E-mail: leo@smgpa.net
E-mail: Christine@smgpa.net

Attorneys for Plaintiff, MYCOSKIE, LLC

**SCHEDULE "A"**
**DEFENDANTS BY NUMBER AND SELLER ID**

| Def. No. | Seller ID | E-Commerce Platform |
|---|---|---|
| 1 | huangfen19790425 | iOffer.com |
| 1 | mdjshanghai | iOffer.com |
| 2 | 6hk5600 | eBay.com |
| 2 | gofest | eBay.com |
| 3 | bbigsale880618 | eBay.com |
| 3 | nancyliu-go | eBay.com |
| 3 | topservice0727 | eBay.com |
| 3 | tradeallday1985 | eBay.com |
| 3 | nice4u2014 | eBay.com |
| 4 | joeyun2015 | eBay.com |
| 4 | laurasoul | eBay.com |
| 5 | longduan2012 | eBay.com |
| 5 | monopoly017 | eBay.com |
| 6 | sale-day | eBay.com |
| 7 | strength5588 | eBay.com |
| 7 | superyuan0526 | eBay.com |
| 7 | tenview2013 | eBay.com |
| 8 | woyaogaofei2011 | eBay.com |
| 9 | xiangxianghk | eBay.com |
| 9 | zzahuan | eBay.com |
| 10 | yongchoone125 | eBay.com |
| 11 | mefashion_lee | eBay.com |